UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIR SWEIS,<br><br>        Plaintiff,<br><br>v.<br><br>J. MORALES,<br><br>        Defendant. | Case No.: 15-CV-471-AJB(WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 51.]** |

Plaintiff moves for appointment of counsel. As explained below, Plaintiff's motion is DENIED without prejudice. However, the Court will revisit this request *sua sponte* as the cases proceeds farther along to trial.

## I. BACKGROUND

Plaintiff filed suit against Defendant Morales on March 2, 2015, alleging Morales violated his Eighth Amendment rights when Morales failed to protect him from attack in the San Diego County George Bailey Detention Facility. Once Plaintiff's amended complaint survived a motion to dismiss, the Court issued a Scheduling Order regulating discovery and pretrial dates on February 16, 2017. The instant motion for appointment of counsel is Plaintiff's first such request.

## II. APPLICABLE LAW

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled en banc on other

grounds). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

### III.  DISCUSSION

Plaintiff seeks appointed counsel because (1) he is unable to afford counsel, (2) his imprisonment will greatly limit his ability to litigate this case, (3) the issues in this case are complex and will require significant research and investigation, (4) he has limited access to the law library and has limited knowledge of the law, and (5) an attorney could better handle trial in this case, (6) granting this motion will not prejudice Defendant, and (7) he has made repeated attempts to obtain an attorney.

As an initial matter, the Court agrees that granting the motion will not prejudice Defendant (reason 6), but Plaintiff's attempts to obtain an attorney are not a factor the Court finds persuasive (reason 7).

Moreover, reasons 1, 2, and 4 are generic factors that every incarcerated *pro se* plaintiff faces and are not convincing reasons to grant the motion. Were these compelling reasons to grant the motion, every incarcerated plaintiff would receive appointed counsel and the rule requiring exceptional circumstances to appoint counsel would be turned on its head.

As for Plaintiff's third reason, the Court is familiar with the facts here and does not find this case complex. It further appears that Plaintiff has a higher degree of sophistication than other incarcerated plaintiffs. He was able to successfully amend his complaint on his first attempt and was able to survive a second motion to dismiss. It is also apparent that he is actively participating in the discovery process, as he has propounded requests for production of documents and has also sought to perpetuate testimony under Federal Rule of Civil Procedure 27. The Court acknowledges the greater difficulty Plaintiff's incarceration poses, but is not prepared to grant his motion at this time given that it appears he is making efforts to obtain discovery and has been creative enough to attempt to leverage a nuanced rule to obtain testimony.

Finally, as for Plaintiff's reason 5, the Court agrees that any *pro se* litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525. However, so long as a *pro se* litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the exceptional circumstances which might require the appointment of counsel do not exist. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

Plaintiff's request for appointment of counsel is DENIED without prejudice. The Court will revisit this motion *sua sponte* if and when the case proceeds to trial.

**IT IS SO ORDERED.**

Dated: March 15, 2017

Hon. William V. Gallo
United States Magistrate Judge